NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| I.K. o/b/o Z.S., *Plaintiff*, v. MONTCLAIR BOARD OF EDUCATION *Defendant.* | Civil Action No. 16-9152 OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on a Motion for Summary Judgment brought by Plaintiff I.K. ("Plaintiff") on behalf of her minor daughter Z.S. against Defendant Montclair Board of Education ("Defendant" or "District"), ECF No. 36, and a Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 16, for lack of jurisdiction or in the alternative for Summary Judgment brought by Defendant, ECF No. 37. For the reasons set forth herein, both motions are **DENIED** and this case is remanded to the Administrative Law Judge for further proceedings consistent with this Opinion.

I. **BACKGROUND**

Z.S. is a child with a disability who resided, until the fall of 2017, in Montclair, New Jersey. Pl. Statement of Material Facts Not in Dispute (hereinafter "Pl. SOMF") ¶ 1, ECF No. 40; see also id. ¶ 1 n.1. Z.S. was born on May 20, 2013 and has been legally blind since birth. Id. ¶¶ 3, 5. Defendant is the entity responsible for the supervision and management of the public schools in Montclair and is the local education agency (LEA) responsible for providing special education services to children with disabilities in Montclair. Def. Statement of Material Facts (hereinafter

1

"Def. SOMF") ¶ 4, ECF No. 37.1. This action arises out of a dispute over the District's obligation to provide special education services to Z.S. under federal and state law. As a preliminary matter, it is helpful to summarize the statutory context for this action.

### A. The Individuals with Disabilities Act (IDEA)

The Individuals with Disabilities Act, 20 U.S.C. § 4000 et seq., is a federal law that provides to children with disabilities a substantive right to a free appropriate public education ("FAPE"). H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch., 873 F.3d 406, 408 (3d Cir. 2017) (citing Honig v. Doe, 484 U.S. 305, 310 (1988); 20 U.S.C. § 1412(a)(1)). The IDEA places an obligation on states to ensure that children with disabilities within their borders are provided a FAPE in by their local school districts. D.K. v. Abington Sch. Dist., 696 F.3d 233, 244 (3d Cir. 2012).

FAPE consists of instruction and related services that are specifically designed to meet the child's unique needs through an individualized education program ("IEP"). 20 U.S.C. § 1414(d)(1)(A); C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 65 (3d Cir. 2010); S.H. v. State-Operated Sch. Dist. of City of Newark, 336 F.3d 260, 264 (3d Cir. 2003). An IEP is a written plan that describes the child's "level of functioning, set[s] forth measurable annual achievement goals, describe[s] the services to be provided, and establish[es] objective criteria for evaluating the child's progress." C.H., 606 F.3d at 65. FAPE also "require[s] that a [child with disabilities] be placed in the least restrictive environment (LRE) that will provide him with a meaningful educational benefit." L.E. v. Ramsey Bd. of Educ., 435 F.3d 384, 390 (3d Cir. 2006) (internal citation omitted). That is, the IDEA contemplates that children with disabilities be, "to the greatest extent possible, satisfactorily educate[d] . . . together with children who are not disabled, in the same school the [child with disabilities] would attend if the child [did not have such] disab[ities]." Id. (quoting

Carlisle Area Sch. v. Scott P., 62 F.3d 520, 535 (3d Cir.1995)).

The IDEA also provides procedural mechanisms to challenge school district accommodations that fail to comply with the IDEA. The IDEA requires states to adopt procedures affording "[a]n opportunity for any party to present a complaint . . . with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. §§ 1415(a), (b)(6)(A). "Whenever a complaint has been received . . . , the parents . . . shall have an opportunity for an impartial due process hearing" and may appeal an adverse determination to federal district court. 20 U.S.C. § 1415(f)(1)(A), (i)(2); see also Mary T. v. Sch. Dist. of Philadelphia, 575 F.3d 235, 240 (3d Cir. 2009); C.H., 606 F.3d at 66. In New Jersey, parents file a complaint and request for a hearing (a "Due Process Petition"[1]) with the New Jersey Department of Education ("NJDOE"). See N.J.A.C. 6A:14-2.7(c); L.P. v. Edison Bd. of Educ., 265 N.J. Super. 266, 273-74 ("[The New Jersey] DOE has been established as the forum agency for handling 'due process' petitions to review local agency decisions and actions regarding the provision of an FAPE for [children with disabilities."). An Administrative Law Judge ("ALJ") in New Jersey's Office of Administrative Law ("OAL") serves as the officer tasked with adjudicating such disputes under the IDEA. L.P., 265 N.J. Super. at 274; see also 20 U.S.C. § 1415(f)(3)(A). The ALJ's decision "shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education." 20 U.S.C. § 1415(f)(3)(E)(i). The decision of the ALJ is "final and binding on the parties." L.P., 265 N.J. Super. at 274; N.J.A.C. 6A: 14-2.7(g); see also 20 U.S.C. § 1415(g)(2)

---

[1] Although the parties describe the document at issue as a "Due Process Petition," the federal statute and regulations use the term "due process complaint" or "due process complaint notice" and the New Jersey regulations use the term "request for a due process hearing." The Court will refer to the document as the "Due Process Petition" throughout this Opinion.

3

Once a due process hearing is held and the ALJ has rendered a decision, an aggrieved party may appeal that decision in federal or state court. 20 U.S.C. § 1415(i)(2). "After examining the administrative record and hearing additional evidence at the request of either party, the reviewing court is authorized to grant 'such relief as [it] determines is appropriate' based on the preponderance of the evidence." Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 272 (3d Cir. 2014) (quoting 20 U.S.C. § 1415(i)(2)(C)). "These remedies include, inter alia, 'attorneys' fees, reimbursement for a private educational placement, and compensatory education.'" Id. (quoting Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 185 (3d Cir. 2009).

That a parent files a Due Process Petition on behalf of a child does not, by itself, entitle the party to a due process hearing. The Due Process Petition must contain the required contents as enumerated in the IDEA statute and its federal and state implementing regulations. The federal statute requires a Petition include:

> (I) the name of the child, the address of the residence of the child . . . , and the name of the school the child is attending; . . . (III) a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem; and (IV) a proposed resolution of the problem to the extent known and available to the party at the time.

20 U.S.C. § 1415(b)(7)(A)(ii); see also 34 C.F.R. § 300.508(b). The New Jersey implementing regulations state that "a due process hearing may be requested when there is a disagreement regarding identification, evaluation, reevaluation, classification, educational placement, the provision of a free, appropriate public education, or disciplinary action." N.J.A.C. 6A:14-2.7(a). The regulations also require that a due process petition "state the specific issues in dispute, relevant facts and the relief sought." Id. at 6A:14-2.7(c).

Upon receiving a Due Process Petition, the school district has 15 days to raise a challenge to the sufficiency of the petition for failure to comply with the federal and state requirements. 20

4

U.S.C. § 1415(c)(2)(C); 34 C.F.R. § 300.508(d)(1); N.J.A.C. 6A:14-2.7(f). Within five days of receiving the notice of the sufficiency challenge, "the [ALJ] shall make a [written] determination on the face of the [Due Process Petition] of whether the [Due Process Petition] meets the requirements" described above. 34 C.F.R. § 300.508(d)(2); see also 20 U.S.C. § 1415(c)(2)(D).

### B. Factual Background and Procedural History

In 2016, the District identified Z.S. as a child with a disability residing in Montclair. Pl. SOMF ¶ 9; Def. SOMF ¶ 1. Z.S. is blind and appears to have no intellectual or developmental disabilities. Pl. SOMF ¶ 10; Def. SOMF ¶ 2. On May 2, 2016, the District held a meeting to discuss Z.S.'s IEP. Pl. SOMF ¶ 11; Def. SOMF ¶ 5. At the meeting, the District proposed placing Z.S. at St. Joseph's School for the Blind for the summer of 2016, and in a half-day inclusion class[2] in a general education setting at the District's Developmental Learning Center in the fall of 2016. Pl. SOMF ¶ 14; Def. SOMF ¶ 5. I.K. disagreed with this recommendation on the ground that it did not reflect the least restrictive environment for Z.S., and on May 6, 2016 requested mediation to resolve the dispute. Pl. SOMF ¶¶ 12-21; Def. SOMF ¶¶ 7-8. Specifically, I.K. requested that Z.S. be placed in a full-day, regular education program at the Montclair Community Pre-K. Pl. SOMF ¶¶ 18, 20; Def. SOMF ¶¶ 7-8. On or about June 10, 2016, I.K. also requested an independent evaluation of Z.S. Def. SOMF ¶ 9.

On June 13, 2016, I.K. and the District engaged in mediation regarding Z.S.'s placement. Pl. SOMF ¶ 22; Def. SOMF ¶ 10. Plaintiff was represented by a non-attorney advocate during the mediation; the District was represented by an attorney. Pl. SOMF ¶ 26 n.4. The parties met with a state-appointed mediator and, at the end of the mediation, signed a Mediation Agreement. Pl.

---

[2] An "inclusion class" is a class composed of approximately equal numbers of children with and without disabilities. Pl. SOMF ¶ 15.

5

SOMF ¶¶ 22, 29; Def. SOMF ¶ 10.  The Mediation Agreement states that the parties agreed that Z.S. would receive a full-day placement in the Developmental Learning Center's inclusion class for the 2016-2017 school year.  Pl. SOMF ¶ 28; Def. SOMF ¶ 11.  The parties did not come to an agreement on Plaintiff's request for an independent evaluation of Z.S.  Def. SOMF ¶ 12.

On August 29, 2016, Plaintiff filed a Due Process Petition with NJDOE alleging violations of the IDEA and other state and federal laws.  Def. SOMF ¶ 14; Wasserman Aff., Ex. 7 ("Pl's Due Process Pet."), ECF No. 36.9.  The Due Process Petition alleged that Z.S.'s IEP, as modified by the Mediation Agreement, deprives Z.S. of a FAPE because it fails to provide her with a placement in the least restrictive environment.  Id.  On September 2, 2016, the District filed a notice challenging the sufficiency of the Due Process Petition or, in the alternative, requesting dismissal of the petition based on the Mediation Agreement.  Def. SOMF ¶ 16.  On September 13, 2016, the ALJ issued a decision dismissing the Due Process Petition as insufficient, concluding that the Mediation Agreement binds the parties and prevents Plaintiff from relitigating the issue of Z.S.'s placement.  Def. SOMF ¶ 18; Wasserman Aff., Ex. 9 ("Sept. 13 Decision"), ECF No. 36.11.  The ALJ's decision indicates that it "is final pursuant to 20 U.S.C. ¶ 1415(g)(2) and is appealable by filing a complaint . . . in a district court of the United States."  Id.

Plaintiff appealed the September 13 decision by filing the instant action.  Plaintiff's Amended Complaint contains six claims: (1) for denial of a FAPE in the least restrictive environment in violation of the IDEA, Am. Compl. ¶¶ 65-79; (2) for denial of a FAPE in the least restrictive environment in violation of New Jersey law, id. ¶¶ 80-94; (3) for failure to accommodate in violation of Section 504 of the Rehabilitation Act, id. ¶¶ 95-104; (4) for discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), id. ¶¶ 105-114; (5) for attorneys' fees under NJLAD, id. ¶¶ 115-121; (6) to appeal the ALJ's September 13 decision, id.

6

¶¶ 122-130.  On October 13, 2017, Plaintiff filed for summary judgment—seemingly just on Count Six—contending that the ALJ erred in dismissing the Due Process Petition.  ECF No. 36.  As Plaintiff has moved Z.S. to Bloomfield, New Jersey "because Defendant . . . refused to provide Z.S. with FAPE in the [least restrictive environment]," Pl. SOMF ¶ 1 n.1, Plaintiff seeks compensatory education for the services Plaintiff alleges Z.S. should have received during the 2016-2017 school year and during the summer of 2017.  Pl. Br. at 35-36, ECF No. 36.1.[3]  Also on October 13, 2017, Defendant moved to dismiss Plaintiff's Amended Complaint for lack of jurisdiction, or in the alternative, for summary judgment, contending that the sufficiency determination was correct and that the Mediation Agreement binds the parties.[4]

## II.  ANALYSIS

Plaintiff argues that the Court should determine, on the merits and without a record below, that the District failed to provide a FAPE in the least restrictive environment, and that the Court should award Plaintiff compensatory education.  The District moves to dismiss this action on the ground that the Court lacks jurisdiction over the ALJ appeal since it is an appeal of a "sufficiency determination."  The District also argues that this action is rendered moot by Z.S.'s move out of Montclair, New Jersey.  In the alternative, the District seeks a judgment that the Mediation Agreement binds the parties to this action and precludes Plaintiff from raising a challenge to the District's accommodations.  The Court disagrees with both parties, finding instead that remand to

---

[3] Plaintiff contends that "I.K.—at her own expense—sent Z.S. to a summer camp that provided her with a 1:1 aide and furthered her braille education" and that "I.K. also privately paid for additional services for Z.S. that would have been unnecessary had Montclair implemented an appropriate placement for Z.S."  Pl. SOMF ¶¶ 54-55.

[4] Although Plaintiff moves for Summary Judgment on Count Six (the appeal of the ALJ decision), she is also effectively moving on Counts One and Two since she is seeking a finding that Z.S. was denied a FAPE.  In light of the Court's remand to the ALJ, Counts One and Two are stayed pending the ALJ's decision.  Given the relatedness of Counts Three, Four, and Five, those Counts are stayed as well.

7

the ALJ is appropriate here.

### A. Mootness

Defendant argues that Z.S.'s move to Bloomfield, New Jersey renders this action moot as "Defendant is no longer the local educational agency responsible for providing Z.S. with a FAPE and therefore Plaintiff cannot be awarded the prospective relief sought." Def. Br. at 23, ECF No. 37.4. But Plaintiff does not seek prospective relief in the instant action; Plaintiff seeks compensatory relief for failure to provide a FAPE in the least restrictive environment for the 2016-2017 school year and the summer of 2017. Pl. Br. at 35-36. It is settled law that claims for compensatory education are not rendered moot by the child's move out of the district against which the claim is brought. D.F. v. Collingswood Borough Bd. of Educ., 596 F. App'x 49, 52 (3d Cir. 2015) ("[T]he move to Georgia did not moot his claims for compensatory education. . . . [I]f parents have paid for a disabled child's education because the public schools were failing to provide a FAPE, reimbursement of tuition paid by the parents at a school providing an appropriate education [would be] the proper relief."); see also Sch. Comm. of Burlington v. Dep't of Educ., 471 U.S. 359, 370 (1985). Accordingly, this action may go forward.

### B. Jurisdiction Over the Appeal of the ALJ's September 13 Decision

Defendants argue that the Court lacks jurisdiction over this appeal on the ground that district courts lack jurisdiction over appeals of decisions concerning the sufficiency of a Due Process Petition. H.T. v. Hopewell Valley Reg'l Bd. of Educ., No. 14-1308, 2015 WL 4915652, at *7 (D.N.J. Aug. 18, 2015). The Court disagrees. Given that the ALJ did not render a "sufficiency decision" as contemplated by the statute and instead effectively enforced a Mediation Agreement without a full hearing or record, she effectively found that Z.S. received a FAPE. Accordingly, the Court has jurisdiction under § 1415(g)(2). Remand is therefore appropriate.

Federal courts are courts of limited jurisdiction and derive their power from "Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). The statutory text of the IDEA gives parents the right to a state administrative hearing before a hearing officer, and gives parents the right to appeal adverse determination by that hearing officer in federal district court. 20 U.S.C. § 1415(i)(2)(A). But the statute does not grant unlimited jurisdiction to federal district courts; rather, the statute provides:

> Any party aggrieved by the findings and decision made under subsection (f) or (k)[5] who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2)(A). Subsection (f) of the statute governs the "impartial due process hearing" conducted by the "State educational agency or by the local educational agency." Id. § 1415(f)(1)(A). Subsection (g) provides that an "impartial due process hearing" before a local educational agency under subsection (f) may be appealed to the State educational agency. Id. § 1415(g). Subsection (i) provides that decisions made in hearings under subsections (f), (k), and (g) "shall be final." Id. § 1415(i)(1).

The plain text of the statute, then, permits an appeal in federal district court only where a party has been "aggrieved by the findings and decision" made under subsections (f), (k), or (g). However, a decision by an ALJ that a due process petition is insufficient is made pursuant to subsection (c) of the IDEA. And if the ALJ determines that the petition is insufficient, no hearing

---

[5] Subsection (k), which is not at issue here, discusses the process for placement of a child in an alternative educational setting. Id. at § 1415(k).

9

will be held. Presumably, when such a finding is made, the aggrieved party can then replead the petition with sufficient specificity to permit the petition to go forward on the merits. The statute, then, seems to preclude federal court review of a sufficiency determination because the expectation is that a more carefully pled petition will follow.[6]

In the instant case, however, the ALJ does not appear to have made a sufficiency decision under subsection (c) at all. In her September 13 decision, the ALJ found that the petition was "insufficient" because the parties had entered a binding Mediation Agreement—a circumstance not contemplated by the statute or addressed in any caselaw:

> The [Due Process Petition] is insufficient for the following reasons: The petitioner and the District were parties to a prior due process petition which resulted in a settlement agreement ("Agreement") on June 13, 2016. The Agreement resolved the current petition for due process and all claims related to the 2016-2017 school year. Therefore, the relief sought by petitioner has already been provided by the Agreement and is precluded by that Agreement. Accordingly, the District urges that petitioner has failed to set forth a sufficient petition for due process in light of the prior Agreement and certification from petitioner which addresses the same prior issues.

Sept. 13 Decision at 2. The ALJ then cited to 20 U.S.C. § 1415(c)(2)(A), the provision that provides the District with the authority to challenge the sufficiency of the Due Process Petition.

---

[6] Recent caselaw in this District suggests that the appealability of a sufficiency decision is an open question. In a recent case concerning the appeal of a sufficiency decision under the IDEA, Judge Wolfson noted the "paucity of case law on the federal courts' jurisdiction over an appeal of a sufficiency determination." H.T. v. Hopewell Valley Reg'l Bd. of Educ., No. 14-1308, 2015 WL 4915652, at *7 (D.N.J. Aug. 18, 2015). Relying on the plain text of the statute and its legislative history, Judge Wolfson wrote "it appears that this Court lacks jurisdiction to determine whether the ALJ correctly dismissed Plaintiffs' due process petition." Id. However, she noted that "the Third Circuit, as well as courts in the District of New Jersey have decided appeals from sufficiency determinations" before, and "none have considered the question of jurisdiction." Id. (citing M.S.-G v. Lenape Reg'l High Sch. Dist. Bd. of Educ., 306 Fed. App'x 772, 775 (3d Cir. 2009); D.F. v. Collingswood Pub. Sch., No. 10-594, 2013 WL 103589 (D.N.J. Jan. 8, 2013). Despite concluding that the court lacked jurisdiction to review the ALJ's sufficiency determination, Judge Wolfson, "out of an abundance of caution," proceeded to review the ALJ's decision. Id.

But that subsection (c) concerns a challenge to a due process petition on the ground that it fails to comply with the enumerated criteria in section 1415(b)(7)(A)(ii),[7] and the ALJ's decision does not address whether the Due Process Petition did so. Rather, the ALJ's decision appears to be based on the premise that, since I.K. signed a Mediation Agreement with the school district concerning placement for the 2016-2017 school year, I.K is precluded from challenging the District's provision of a FAPE during that year.

Here, rather than making a sufficiency determination, the ALJ effectively rendered a merits decision. She was presented with the issue of whether Z.S.'s revised IEP provided a FAPE. Rather than reach that issue, she dismissed I.K.'s petition by looking at the Mediation Agreement, which was not before her. In doing so, she essentially decided the FAPE issue—the issue she had the jurisdiction to consider—in the District's favor. Since she circuitously made a FAPE decision under subsection (f), the Court has jurisdiction to review her decision under section 1415(g)(2). However, there is little for the Court to review as the ALJ conducted no hearing and made no factual findings.[8] The Court will remand to the ALJ to conduct an evidentiary hearing as to whether Z.S.'s revised IEP, which called for placement in a full-day inclusion class at the District's Developmental Learning Center, would have resulted in a FAPE in the least restrictive environment for the 2016-2017 school year, and whether Plaintiff is entitled to compensatory education.

### C. Jurisdiction Over the Mediation Agreement

There is also the issue of the Mediation Agreement, which the ALJ deemed binding on the

---

[7] As detailed supra, section 1415(b)(7)(A)(ii) requires a due process petition to describe the problem relating to the child's placement and to state a proposed resolution to that problem.
[8] The parties have submitted a stipulated Record on Appeal, ECF No. 21, but the record contains no information from which this Court could determine the issue of whether Z.S.'s revised IEP would have provided her with a FAPE.

parties and which the District asks this Court to enforce under section 1415(e)(2)(F) in its Motion for Summary Judgment. Def. Br. at 27-29. Section 1415(e)(2)(F) of the IDEA states:

> In the case that a resolution is reached to resolve the complaint through the mediation process, the parties shall execute a legally binding agreement that sets forth such resolution and that (i) states that all discussions that occurred during the mediation process shall be confidential . . . ; (ii) is signed by both the parent and a representative of the agency who has the authority to bind such agency; and **(iii) is enforceable in any State court of competent jurisdiction or in a district court of the United States.**

Id. (emphasis added).

The June 13, 2016 Mediation Agreement, which is handwritten, states the following:

(1) Both parties agree as a result of the mediation to revise the proposed IEP 5/2/16 to reflect a [sic] AM + PM placement in the DLC preschool program for the 2016-2017 school year.
(2) The BOE further agree [sic] to review the related services in the IEP and to the best of their ability attempt to limit the duplication of the state mandated curriculum.
(3) Both parties agree to revise the IEP noted in paragraph #1 without an IEP meeting.
(4) Both parties agree that this agreement resolves the Mediation with the Agency #2016-24433 and both parties agree to be responsible for their own cost with respect to this agreement/mediation. Both parties further understand that this agreement reflected a change in the 5/2/16 IEP with respect to the length of day of the placement all other components of the 5/2/16 remain the same [sic].
(5) The Montclair BOE agrees to provide one week of additional related services during the est [sic] of 2016 to compensate for the fact that related services would not be implemented before the end of the week.

Wasserman Aff., Ex. 5; ECF No. 36.7.

The Court would have jurisdiction to enforce the Mediation Agreement under section 1415(e)(2)(F)(iii), but that issue has not been properly presented to the Court by way of a pleading by either party. The District has not sought a declaratory judgment to enforce the Agreement. Plaintiff's Amended Complaint does not seek to invalidate the Mediation Agreement. Accordingly, the Court cannot exercise jurisdiction under subsection (e) because the Agreement is not before the Court. And, in any event, even if the issue were properly before the Court, fact

issues as to the enforceability of the Agreement would likely preclude summary judgment.

### III. CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Summary Judgment, seeking judgment that Z.S. was denied a FAPE during the 2016-2017 school year and during the summer of 2017 and seeking compensatory education, is **DENIED** and Defendant's Motion to Dismiss for lack of jurisdiction or in the alternative for Summary Judgment, seeking affirmance of the ALJ's decision that the Mediation Agreement binds the parties, is **DENIED**. This case is remanded to the ALJ to conduct an evidentiary hearing consistent with this Opinion. An appropriate Order accompanies this Opinion.

**Dated: May 31, 2018**

                                                    */s Madeline Cox Arleo*
                                                    **Hon. Madeline Cox Arleo**
                                                    **United States District Judge**