# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **I.K. o/b/o Z.S.,** *Plaintiff,* v. **MONTCLAIR BOARD OF EDUCATION,** *Defendant.* | Civil Action No. 16-09152 ORDER |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorneys' Fees, ECF No. 61;

and it appearing that the Honorable Leda D. Wettre issued a Report and Recommendation ("R&R") on August 28, 2019, in which she recommended that the Motion be granted in part and denied in part, and Plaintiff's counsel be awarded $64,344.75 in attorneys' fees, ECF No. 67;

and it appearing Defendant has filed objections to the R&R, ECF No. 68;

and it appearing that Defendant objects to Judge Wettre's conclusion that Plaintiff was a prevailing party, id. at 4-8;

and it appearing that Judge Wettre properly applied Third Circuit law by finding that a prevailing party is "one who has succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit," J.O. ex rel. C.O. v. Orange Twp Bd. of Educ., 287 F. 3d 267, 271 (3d Cir. 2002), and Plaintiff here meets that standard, see H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch., 873 F.3d 406, 413 (3d Cir. 2017) (plaintiff who "vindicates a procedural right guaranteed by the [Individuals with Disabilities Education Act or 'IDEA']," provided relief obtained "is not temporary forward-looking injunctive relief," is a

prevailing party under IDEA attorneys' fees provision) (internal quotation marks and citations omitted);

and it appearing that Defendant objects to fees awarded on "unrelated" matters; to Judge Wettre placing the burden of proof on demonstrating that some entries are unrelated on the Defendant; and to Judge Wettre failing to reduce the adjusted lodestar calculation to reflect the degree of success attained by Plaintiff, ECF No. 68 at 4;

and it appearing that Judge Wettre carefully reviewed the fee petition, made specific findings on challenged entries, and in light of Defendant's objections and the "excessive, redundant or otherwise unnecessary" hours billed, as well as the degree of success achieved, appropriately reduced the lodestar by 50 percent, R&R at 15-16;

and for the reasons set forth in Judge Wettre's R&R;

**IT IS** on this 17th day of October, 2019;

**ORDERED** that Judge Wettre's R&R is **ADOPTED** and the Motion is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Defendant shall pay attorneys' fees in the amount of $64,344.75 within 30 days of the date of this Order.
.

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
UNITED STATES DISTRICT JUDGE